Jasen, J.
(dissenting). Although I agree with the majority that defendant’s confession should have been suppressed because of the authorities’ failure to honor defendant’s request for counsel prior to their resumption of his interrogation, I cannot agree that the doctrine of harmless error is inapplicable. I, therefore, dissent and would affirm the order of the Appellate Division.
I take no issue with the majority’s discussion of the advent and development of the harmless error doctrine. The distinction drawn by the majority between application of harmless error analysis to verdicts as distinguished from guilty pleas rests upon sound footing. Certainly, where a defendant pleads guilty to a crime after a denial of a motion to suppress, but prior to trial, it is impossible for an appellate court to review and sustain the resulting conviction by application of the doctrine of harmless error, for the simple reason that should the court determine that the defendant’s suppression motion was improperly denied, the only evidence before the court for review would be the very evidence it held inadmissible. This is not the case, however, where the defendant waits until the close of the People’s case before pleading guilty, at which point he has derived the benefit of having put the People to their proof. Even the majority will admit that, under these facts, an appellate court could evaluate the quantum and nature of the proof of defendant’s guilt introduced at trial.
Nonetheless, the majority concludes that although an appellate court could review the quantum and nature of proof against the defendant where he pleads guilty at the close of the People’s case, a court is incapable, because of the absence of a verdict, of determining whether there exists a reasonable possibility that the error committed below contributed to the defendant’s conviction, a second element necessary for application of harmless error analysis. (See People v Crimmins, 36 NY2d 230, 240.) Admittedly, as the majority recognizes, a defendant’s decision to plead guilty may be premised upon factors outside the record — for example, a bargain with the *381 prosecutor to plead to a lesser offense. However, in my mind, the question is not whether factors outside the record contributed to the defendant’s plea, but whether there is a reasonable possibility that the denial of the suppression motion contributed to the plea.
On the facts of the instant appeal, I do not think it can be said that the denial of defendant’s suppression motion reasonably contributed to his plea of guilty. In addition to defendant’s confession, the evidence introduced at trial by the People included testimony by three eyewitnesses identifying defendant as the victim’s assailant. A ballistics expert testified that a bullet recovered from under the victim’s body had been fired from a pistol found in defendant’s hotel room at the time of his arrest. The People’s case also included testimony by a police officer that he observed the defendant leaving the scene of the shooting in a car driven at high speed, the registration for which was lodged in defendant’s name.
Upon sober reflection at the close of the People’s damning case, defendant, having witnesses the breadth of the People’s proof, pleaded guilty. Before accepting defendant’s plea, the court inquired of the defendant whether he conceded that he had no legal defense to the charge of murder in the second degree, to which inquiry defendant replied: "I don’t have any witnesses to substantiate anything that happened.” In response to the court’s continued questioning to ensure that defendant’s plea was voluntary and intelligently made, defendant frankly stated: "Well, I could plead I didn’t do it, but the evidence is overwhelming.”
In my opinion, we are presented in this case with a defendant who pleaded guilty not because his motion to suppress his confession was denied, but because, after viewing the evidence of his guilt introduced by the People, he recognized the apparent futility of a continued defense. The majority concludes, however, that since the proof introduced by the People at trial included defendant’s confession, the possibility that this evidence may have contributed to defendant’s plea of guilty cannot be discounted. To seek to determine the state of mind of a defendant at the moment his plea is made would, in the majority’s view, engage the court in sheer speculation.
I would respectfully remind the majority, however, that we need only conclude that there exists no reasonable possibility that the error below contributed to a defendant’s plea. I see little practical distinction between the equally subjective anal *382 ysis the court engages in to determine whether an error committed below contributed to a jury’s verdict of guilty. In each case, the court must, viewing the nature and quantum of proof of a defendant’s guilt introduced at trial, speculate as to the state of mind of either the jury or of the defendant to determine whether error below reasonably contributed to a jury’s verdict of guilty or a defendant’s plea of guilty.
I believe that, on the facts of this case, in which defendant did not plead guilty until the close of the People’s case, the denial of defendant’s motion to suppress did not reasonably contribute to defendant’s decision to plead guilty. Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Gabrielli, Jones, Fuchs-berg and Cooke concur with Judge Wachtler; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.